[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO CORRECT THE JUDGMENT (#138) (#140)
The above-captioned matter was a dissolution of marriage which proceeded to judgment on January 3, 2000, before the Honorable James J. Kenefick, Jr. The complaint alleges, and the judgment confirms, that the parties were married and had three minor children as a result of their marriage. The children respectively were Amanda born January 31, 1983, Kyle born June 4, 1985 and Blair born January 28, 1987.
The judgment reflects an agreement of the parties with respect to the care of the minor children which includes joint legal custody of all three children. The issue in question and addressed by both of the pending motions is the cost of college education for the minor children. There is a provision in the judgment stating that: "and it is ordered that the parties shall split the cost of college education for both minor children. Said tuition shall be the amount equivalent to the University of Connecticut. This obligation is limited only to the following: 1) 4 years and a bachelor's degree; 2) such time as the youngest minor child reaches the age of 25; and 3) to include room fees (on campus amount), books, board, tuition, lab fees and assessments."
That particular provision of the judgment appears following an order CT Page 14280 for child support which includes all of the children, and proceeds an order that the parties provide medical insurance for their children which includes all of the children. There is also a provision that the parties have agreed to maintain life insurance naming their children as beneficiaries.
The defendant's motion to correct the judgment alleges that the portion of the clause in question which say "both" minor children is an error. The motion claims that the provision should read "and it is ordered that the parties shall split the cost of college education for the three minor children. " The motion to correct (#140) filed by the plaintiff claims that the judgment as submitted was correct and was the intention of the parties. in support of that claim, the plaintiff has submitted a copy of a draft from the attorney representing her at the time, which draft contains the language indicating "both minor children. " In addition, the plaintiff stated in the argument with respect to this motion that it was the intention of the parties that only the two younger children would be included in this paragraph providing for the cost of college education. In contrast, the defendant states that it was contemplated that all three children would be treated equally and that he would not have agreed to a provision which excluded one of the minor children from treatment similar to the others.
The court has reviewed the judgment in its entirety. It noteworthy that the only provision which refers to"both" minor children is this provision addressed by these motions. It is also noteworthy that the judgment does not define which two children are meant by the word "both". The court further notes that in provisions specifying the allocations of tax returns, the children are named with specificity. Finally, as aforementioned, the court notes that this is the only paragraph that limits treatment of two of the children as opposed to three of the children in the context of the entire judgment.
The court has further reviewed a transcript of the hearing which took place before the Honorable James J. Kenefick, Jr. on December 7, 1999. At that time, the attorney for the plaintiff called the plaintiff to the stand in order to present evidence in support of the complaint that was pending. In a series of questions and answers by the plaintiff's attorney and the plaintiff, it is acknowledged by the plaintiff that the parties have agreed to split the cost of college education for "your children" in accordance with the other limitations provided in the terms of the judgment. When questioned by Judge Kenefick as to whether the parties understood the significance of this provision, the parties replied in the affirmative. Upon Judge Kenefick's statement that the parties would have to reach this portion of their agreement voluntarily and reduce it to writing for it to be enforceable, counsel for the parties, in presence of CT Page 14281 the parties, indicated that this was indeed their intention. It is noteworthy that this portion of the transcript while quite specific does not contain any limitation or indication by either the parties or their respective attorneys that the provision is limited to two of the three children.
For the foregoing reasons, the court does find that the allegations made by the defendant in his motion to correct the judgment are correct and that the language providing for the college education of "both" minor children is indeed an error.
Accordingly, the motion to correct the judge (#138) is granted according to its terms. The judgment should be corrected to read as follows: "and it is ordered that the parties shall split the cost of college education for the three minor children . . ." with the remaining provisions of that paragraph to remain in full force and effect. The motion to correct the judgment filed by the plaintiff (#140) is hereby denied.
Robaina, J.